# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Abrams, Marcus

## DEFENDANTS
See Attached Sheet

**(b)** County of Residence of First Listed Plaintiff: **Fairfield County**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Jason J. Smith, Smith Legacy Law, LLC
3 Greenwich Office Park, Suite 150
Greenwich, CT 06831

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY**     **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane    [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability    [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | [ ] 820 Copyrights | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability    [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability    **PERSONAL PROPERTY** | | [ ] 840 Trademark | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle    [ ] 370 Other Fraud | **LABOR** | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability    [ ] 371 Truth in Lending | [ ] 710 Fair Labor Standards Act | | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury    [ ] 380 Other Personal Property Damage | [ ] 720 Labor/Management Relations | **SOCIAL SECURITY** | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice    [ ] 385 Property Damage Product Liability | [ ] 740 Railway Labor Act | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | | [ ] 751 Family and Medical Leave Act | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/Exchange |
| **REAL PROPERTY**    **CIVIL RIGHTS**    **PRISONER PETITIONS** | | [ ] 790 Other Labor Litigation | [ ] 863 DIWC/DIWW (405(g)) | [x] 890 Other Statutory Actions |
| [ ] 210 Land Condemnation    [ ] 440 Other Civil Rights    **Habeas Corpus:** | | [ ] 791 Employee Retirement Income Security Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 220 Foreclosure    [ ] 441 Voting    [ ] 463 Alien Detainee | | | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment    [ ] 442 Employment    [ ] 510 Motions to Vacate Sentence | | | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 240 Torts to Land    [ ] 443 Housing/Accommodations    [ ] 530 General | | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 896 Arbitration |
| [ ] 245 Tort Product Liability    [ ] 445 Amer. w/Disabilities - Employment    [ ] 535 Death Penalty | | | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 290 All Other Real Property    [ ] 446 Amer. w/Disabilities - Other    **Other:**    [ ] 540 Mandamus & Other | **IMMIGRATION** | | | [ ] 950 Constitutionality of State Statutes |
|    [ ] 448 Education    [ ] 550 Civil Rights | [ ] 462 Naturalization Application | | | |
|    [ ] 555 Prison Condition | [ ] 465 Other Immigration Actions | | | |
|    [ ] 560 Civil Detainee - Conditions of Confinement | | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. Section 1963, Registration of Foreign Judgment from Another District

Brief description of cause:
Foreign Judgment Registration

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [ ] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE: Louis L. Stanton
DOCKET NUMBER: 1:20-cv-05174-LLS

DATE: Nov 9, 2023

SIGNATURE OF ATTORNEY OF RECORD: /s/ Jason J. Smith

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

  (b) **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

  (c) **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

V. **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

JS 44 – Judicial Cover Sheet

DEFENDANTS:

UY Trading Ltd. (#10020400); UY Trading Ltd. (#10086420); SEP Consulting Ltd.; Piedrabuena, Sandra; Abrams, Russell; Titan Capital Group LLC; Titan Capital Group III, LP; and Titan Capital Group III, LP Employee Incentive Plan

AO 451 (Rev. 12/12) Clerk's Certification of a Judgment to be Registered in Another District

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

| | |
|---|---|
| Marcus Abrams ) | |
| *Plaintiff* ) | |
| v. ) | Civil Action No. 20-cv-5174(LLS) |
| UY Trading Ltd., et al ) | |
| *Defendant* ) | |

**CLERK'S CERTIFICATION OF A JUDGMENT TO BE REGISTERED IN ANOTHER DISTRICT**

I certify that the attached judgment is a copy of a judgment entered by this court on *(date)* _____09/07/2023_____ .

I also certify that, as appears from this court's records, no motion listed in Fed. R. App. P. 4(a)(4)(A) is pending before this court, the time for appeal has expired, and no appeal has been filed or, if one was filed, it is no longer pending.

Date: _____11/03/2023_____

CLERK OF COURT

_____
Signature of Clerk or Deputy Clerk

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DATE FILED: 9/7/23

# MEMORANDUM ENDORSEMENT

<u>Abrams v. UY Trading Ltd., et al.</u>,
20 Civ. 5174 (LLS)

Plaintiff Marcus Abrams brought this action against defendants UY Trading Ltd. (#10020400), UY Trading Ltd (#10086420), SEP Consulting Ltd., Sandra Piedrabuena, Russell Abrams, Titan Capital Group LLC, Titan Capital Group III, LP, and Titan Capital Group III, LP Employee Incentive Plan (together "defendants") alleging violations of the Employee Retirement Income Security Act ("ERISA") and twenty-four related claims under state and common law based on defendants failure to pay Marcus Abrams dividends from his deferred compensation investment plan ("the Plan"). On June 6, 2023 Marcus Abrams received the clerk's certificate of default. He now moves for default judgment on all claims against all defendants and seeks damages and attorneys' fees.

The facts alleged in the Complaint, accepted as true after defendants' default, adequately state a claim for improper denial of benefits and breach of fiduciary duties under ERISA. As such, default judgment is granted against defendants on those claims. E.g., <u>Alston as Tr. of Loc. 272 Lab. Mgmt. Pension Fund v. Nagle Parking Inc.</u>, 2023 WL 4157186, at *2 (S.D.N.Y. June 23, 2023).

However, the remaining claims under state and common law are preempted by ERISA because Marcus Abrams could have (and in fact did) bring those claims under ERISA and they are "inextricably intertwined with" with his ERISA claims. E.g., <u>Arditi v. Lighthouse Intern</u>, 676 F.3d 294, 299 (2d Cir. 2012) (quoting <u>Aetna Health v. Davila</u>, 542 U.S. 200, 207 (2004)). As those claims are "nothing more than an alternative theory of recovery for conduct actionable under ERISA,"[1] they are dismissed. E.g., <u>LoPresti v. Terwilliger</u>, 126 F.3d 34, 41 (2d Cir. 1997); <u>Chau v. Hartford Life Ins. Co.</u>, 167 F. Supp. 3d 564, 571 (S.D.N.Y. 2016).

Marcus Abrams is entitled to damages. He has submitted the necessary documentation to support his request for damages, including an expert report opining on his damages. However, that

---

[1] The Complaint itself refers to several of the state and common law claims as an "alternative." <u>See generally</u> Complaint (Dkt. No. 5).

1

report presents two different "scenarios" (and therefore two different amounts) for damages: the first based on the actions of a "prudent portfolio investor," who would have invested in "a standard mix of U.S. stocks and bonds," and the second based on the "returns of large company stocks." The court adopts the amount of damages calculated under the first scenario because the Plan, under which Abrams seeks damages, was designed to be a "traditional" and "diversified investment." Marcus Abrams Declaration (Dkt. No. 45). Therefore, Marcus Abrams is entitled to damages of $16,544,709.00 and prejudgment interest of $9.954,022.18 for a total of $26,498,731.18.

His counsel, James Serritella, an example of patience and unfailing attendance to his professional duties under the most trying and thankless circumstances, is fully entitled to a long-overdue fee. He claims his attorneys' fees billed to date, which appear reasonable, and offers to provide support for that amount. Because, "the prevailing party's fee application must be supported by contemporaneous time records, affidavits, and other materials," McDonald ex rel Prendergast v. Pension Plan of the NYSA-ILA Pension Tr. Fund, 450 F.3d 91, 96 (2d Cir. 2006), the Court requests that he submit further documentation supporting his request within fourteen days of this order.

The Clerk of the Court is respectfully directed to close this case.

So ordered.

Dated: New York, New York
September 7, 2023

CERTIFIED AS A TRUE COPY ON
THIS DATE 11/03/2023
BY _____
( ) Clerk
(X) Deputy

*Louis L. Stanton*
LOUIS L. STANTON
U.S.D.J.


MEMO ENDORSED

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Marcus Abrams,

          Plaintiff,

v.

UY Trading Ltd. (#10020400), UY Trading Ltd. (#10086420), SEP Consulting Ltd., Sandra Piedrabuena, Russell Abrams, Titan Capital Group LLC, Titan Capital Group III, LP, and Titan Capital Group III, LP Employee Incentive Plan,

          Defendants.

Case No. 20-cv-5174 (LLS)

## NOTICE OF MOTION

PLEASE TAKE NOTICE that, upon the accompanying Declaration of James R. Serritella and the exhibits attached thereto, and the Memorandum of Law submitted therewith, and all prior pleadings and filings, Plaintiff Marcus Abrams will move this Court, before the Honorable Louis L. Stanton, United States District Judge, in Courtroom 21C of the United States District Court for the Southern District of New York, 500 Pearl Street, New York, New York, on such date as the Court determines, for the entry of a default judgment in this case against all Defendants.

Dated: New York, New York
       June 23, 2023

KIM & SERRITELLA LLP

By: /s/ James R. Serritella
    James R. Serritella
    110 W. 40th Street, 10th Floor
    New York, NY 10018
    (212) 960-8345
    jserritella@kandslaw.com

*Attorneys for Plaintiff*

ORIGINAL

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED

DATE FILED 9/7/23

**MEMORANDUM ENDORSEMENT**

<u>Abrams v. UY Trading Ltd., et al.</u>,
20 Civ. 5174 (LLS)

Plaintiff Marcus Abrams brought this action against defendants UY Trading Ltd. (#10020400), UY Trading Ltd (#10086420), SEP Consulting Ltd., Sandra Piedrabuena, Russell Abrams, Titan Capital Group LLC, Titan Capital Group III, LP, and Titan Capital Group III, LP Employee Incentive Plan (together "defendants") alleging violations of the Employee Retirement Income Security Act ("ERISA") and twenty-four related claims under state and common law based on defendants failure to pay Marcus Abrams dividends from his deferred compensation investment plan ("the Plan"). On June 6, 2023 Marcus Abrams received the clerk's certificate of default. He now moves for default judgment on all claims against all defendants and seeks damages and attorneys' fees.

The facts alleged in the Complaint, accepted as true after defendants' default, adequately state a claim for improper denial of benefits and breach of fiduciary duties under ERISA. As such, default judgment is granted against defendants on those claims. E.g., <u>Alston as Tr. of Loc. 272 Lab. Mgmt. Pension Fund v. Nagle Parking Inc</u>., 2023 WL 4157186, at *2 (S.D.N.Y. June 23, 2023).

However, the remaining claims under state and common law are preempted by ERISA because Marcus Abrams could have (and in fact did) bring those claims under ERISA and they are "inextricably intertwined with" with his ERISA claims. E.g., <u>Arditi v. Lighthouse Intern</u>, 676 F.3d 294, 299 (2d Cir. 2012) (quoting <u>Aetna Health v. Davila</u>, 542 U.S. 200, 207 (2004)). As those claims are "nothing more than an alternative theory of recovery for conduct actionable under ERISA,"[1] they are dismissed. E.g., <u>LoPresti v. Terwilliger</u>, 126 F.3d 34, 41 (2d Cir. 1997); <u>Chau v. Hartford Life Ins. Co.</u>, 167 F. Supp. 3d 564, 571 (S.D.N.Y. 2016).

Marcus Abrams is entitled to damages. He has submitted the necessary documentation to support his request for damages, including an expert report opining on his damages. However, that

---

[1] The Complaint itself refers to several of the state and common law claims as an "alternative." <u>See generally</u> Complaint (Dkt. No. 5).

1

report presents two different "scenarios" (and therefore two different amounts) for damages: the first based on the actions of a "prudent portfolio investor," who would have invested in "a standard mix of U.S. stocks and bonds," and the second based on the "returns of large company stocks." The court adopts the amount of damages calculated under the first scenario because the Plan, under which Abrams seeks damages, was designed to be a "traditional" and "diversified investment." Marcus Abrams Declaration (Dkt. No. 45). Therefore, Marcus Abrams is entitled to damages of $16,544,709.00 and prejudgment interest of $9.954,022.18 for a total of $26,498,731.18.

His counsel, James Serritella, an example of patience and unfailing attendance to his professional duties under the most trying and thankless circumstances, is fully entitled to a long-overdue fee. He claims his attorneys' fees billed to date, which appear reasonable, and offers to provide support for that amount. Because, "the prevailing party's fee application must be supported by contemporaneous time records, affidavits, and other materials," McDonald ex rel Prendergast v. Pension Plan of the NYSA-ILA Pension Tr. Fund, 450 F.3d 91, 96 (2d Cir. 2006), the Court requests that he submit further documentation supporting his request within fourteen days of this order.

The Clerk of the Court is respectfully directed to close this case.

So ordered.

Dated:   New York, New York
         September 7, 2023

                                    *Louis L. Stanton*
                                    LOUIS L. STANTON
                                    U.S.D.J.

2

**MEMO ENDORSED**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

Marcus Abrams,

        Plaintiff,

v.

UY Trading Ltd. (#10020400), UY Trading Ltd.
(#10086420), SEP Consulting Ltd., Sandra
Piedrabuena, Russell Abrams, Titan Capital Group
LLC, Titan Capital Group III, LP, and Titan Capital
Group III, LP Employee Incentive Plan,

        Defendants.

Case No. 20-cv-5174 (LLS)

---

## NOTICE OF MOTION

PLEASE TAKE NOTICE that, upon the accompanying Declaration of James R. Serritella and the exhibits attached thereto, and the Memorandum of Law submitted therewith, and all prior pleadings and filings, Plaintiff Marcus Abrams will move this Court, before the Honorable Louis L. Stanton, United States District Judge, in Courtroom 21C of the United States District Court for the Southern District of New York, 500 Pearl Street, New York, New York, on such date as the Court determines, for the entry of a default judgment in this case against all Defendants.

Dated: New York, New York
       June 23, 2023

KIM & SERRITELLA LLP

By: /s/ James R. Serritella
    James R. Serritella
    110 W. 40th Street, 10th Floor
    New York, NY 10018
    (212) 960-8345
    jserritella@kandslaw.com

*Attorneys for Plaintiff*